FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 APR 28 AM 9: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

ANGEL R. VASQUEZ, )
)
    Plaintiff, )
)
vs )  CIVIL ACTION NO. 99-RRA-0788-S
)
TONY JEFFERIES, )
)
    Defendant. )

ENTERED

APR 28 1999

## MEMORANDUM OPINION

The plaintiff's *in forma pauperis* motion was granted by the magistrate judge. Because plaintiff has sought and is being allowed to proceed under 28 U.S.C § 1915(d), his claims are subject to examination for frivolousness or maliciousness. A claim is frivolous if it either rests on an indisputably meritless legal theory, *see Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), or it alleges facts that are fantastic or delusional. *See Denton v. Hernandez*, 504 U.S. 25 (1992). A claim barred by an affirmative defense appearing plainly on the face of the complaint is frivolous because it rests on an indisputably meritless legal theory. *See Clark v. State of Georgia Pardons and Paroles Board,* 915 F.2d 636 (11th Cir., 1990).

In his report and recommendation entered on April 5, 1999, the magistrate recommended that the complaint be dismissed for failure to state a federal claim. Following entry of the report and recommendation, the plaintiff filed a further submission with the court.

This action involves a dispute between the plaintiff and his landlord. The

plaintiff invokes 42 U.S.C. §§ 1981, 1983, and 28 U.S.C. § 1343. He states that "[t]he Civil Rights Act of 1964 Sec. 1981 does not permit individuals to be intimidated into surrendering their civil liberties or rights. This is where my federal rights were violated. In addition, the Civil Rights Act of 1964 does not permit retaliation either." The plaintiff mentions state law claims, such as breach of warranty of habitability. He also mentions the Uniform Residential Landlord and Tenant Act, which, where adopted, is state law.

Apparently in this case the landlord was beginning eviction proceedings, pursuant to Alabama's Forcible Entry And Unlawful Detainer law, against the plaintiff, as indicated by the fact that the plaintiff received a demand to quit the premises within 10 days. §6-6-310, et. seq., *Code of Alabama,* 1975. The plaintiff responded to this demand by filing an unlawful detainer action against the *landlord*, in an apparent attempt to preempt the landlord's efforts to evict him. Meanwhile, the plaintiff remains in possession of the premises in question; he has not been evicted. It is concluded that this plaintiff has not stated a federal claim, and that this action is due to be dismissed as frivolous. An order in accordance with this Memorandum Opinion will be entered.

DONE this 27th day of April, 1999.

_____
William M. Acker, Jr.,
United States District Judge